# EUNICE E. WALKER

*v.*

## DANIEL A. DENISON *et al.*

**1. POWER OF ATTORNEY**—*right to revoke:* The principal may revoke the authority of his agent at his mere pleasure, although in its terms the authority may be expressly declared to be irrevocable. There are exceptions to the rule, when the authority or power is coupled with an interest, or where it is given for a valuable consideration, or where it is part of a security. In these cases it is irrevocable, whether so expressed or not.

**2. SAME**—*when coupled with an interest.* A power coupled with an interest is when the power or authority is coupled with an interest in the thing itself, actually vested in the agent. It must not be merely an interest in that which is produced by the exercise of the power. The former is irrevocable, while the latter is revocable, though expressed to be irrevocable.

**3.** Where a power of attorney authorized the agent to sell and dispose of the principal's patent-right in all or any part of the United States and territories, and provided that the attorney was to account to the principal for one-half of the net proceeds derived from sales, after deducting all necessary expenses therefrom, and declared the power to be irrevocable for two years, there being no transfer of any right in the patent, and no covenant or undertaking on the part of the attorney to make expenditures, it was *held*, that the principal might

revoke the power at any time, leaving the attorney to his action for breach of·' the covenant not to revoke.

4. SAME — *what is a revocation.* When the principal, who has given a power of attorney to sell, himself sells and disposes of the thing before a sale by the· agent, this will be a revocation of the power, by operation of law.

5. RESCISSION OF SALE — *for want of consideration.* Where an agent under· a power sold a patent-right of his principal for a certain State, after a sale of the same territory by his principal, and after notice of such sale, and received in payment a conveyance for real estate, it was *held,* that as the sale of the territory by the agent was without right and authority, and the conveyance of the land was made without consideration, a court of equity would require the· agent and his wife, to whom the deed was made, to reconvey the land to the· grantor.

6. SAME — *without repayment of money paid.* Where a conveyance of land· was canceled for want of consideration, in the failure of title in a patent-right, and it was stipulated that the use of the land was more than sufficient to repay a small sum of money also paid the grantor, it was *held,* no error ·in the court. not to require the grantor to repay said sum of money.

7. LACHES — *must be pleaded to avail.* The objection of laches in filing a bill for equitable relief must be raised in the court below, or it will be held to·· have been waived.

APPEAL from the Circuit Court of Boone County; the· Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. HAINES & TRIPP, for the appellant.

Mr. S. A. HURLBUT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court :·

This was a bill in chancery to set aside a deed made by the appellees to the appellant, conveying to her certain. premises, being a house and two acres of land situate in. Belvidere in this State. The deed was made under the fol-- lowing circumstances :

On November 6, 1867, Warren H. Pease, being the· patentee with Hiram Knapp, under letters patent from the· United States, for an improved well-tube, gave to J. D. Walker, now deceased, and A. B. Peterson a power of at- torney constituting them his attorneys to sell and dispose· of all or any part of the States and territories granted to·

144     WALKER *v.* DENISON *et al.*     [Sept. T.

Opinion of the Court.

Pease and Knapp in the letters patent. The power of attorney contained the two following clauses : " And said attorneys are to account to me for one-half of the net proceeds derived from the above sales, after deducting all necessary expenses therefrom." " And this power of attorney is not revocable and can not be revoked within two years from this date." The power of attorney was recorded in the Patent Office of the United States, November 13, 1867.

Under this power of attorney, Walker, on January 21, 1868, sold and conveyed to Daniel A. Denison, one of the appellees, the right to use and put down Pease's patent well-tubes for the State of Ohio, except Williams county, and gave $50 in money, and a sample filter valued at $5, for the premises described in the deed, and Denison and wife on that day executed to the appellant, Eunice E. Walker, the wife of J. D. Walker, the attorney, the deed in question. After the making of the power of attorney, and before the consummation of the trade, namely, on November 21, 1867, Pease, the patentee, sold and assigned all his interest in the patent in and for the State of Ohio, except Williams county, to Delos A. Danforth and Charles W. Seeley, who were aware, at the time, of the existence of the power of attorney to Walker and Peterson. Such assignment was recorded in the Patent Office, November 27, 1867. At the time of the purchase from Pease, Danforth and Seeley purchased the Knapp interest in the patent from the widow and executrix of Knapp. Walker, the attorney, was notified by Pease of his sale and transfer of the patent to Danforth and Seeley, prior to January 21, 1868, the time of the execution of the deed.

The court below decreed the relief prayed, and the defendant, Eunice E. Walker, appeals.

It is insisted that the sale by Walker, the attorney, to Denison, on January 21, 1868, was valid, notwithstanding the fact that Pease, the principal, had himself previously

made sale of all his interest in the patent-right to Danforth and Seeley, because the power of attorney was irrevocable for two years, as expressed therein.

It is not disputed that the general rule is, that the principal may revoke the authority of his agent at his mere pleasure, although in its terms an authority may be expressly declared to be irrevocable; but it is contended that the present case comes within one of the recognized exceptions — that where an authority or power is coupled with an interest, or where it is given for a valuable consideration, or where it is part of a security, there it is irrevocable, and whether it is expressed to be so upon the face of the instrument conferring the authority, or not. Story on Ag., sec. 477. It is argued that Walker had an interest in the execution of the power; that it was given for a valuable consideration, to wit, that Walker was to give his time and labor and was to use his own money in introducing the patent, and was to be reimbursed only out of the sales he should make during the two years, and that as security for the reimbursement this stipulation against revocation for the period of two years was inserted. All that there is shown in this respect is merely the above quoted provisions of the power of attorney. There is no undertaking on the part of Walker in the instrument, and aside from those clauses it is in the ordinary form of a simple power of attorney given by a principal. There was no proof that Walker was to incur any expenditure of any kind, or that he did incur any, beyond the one item of testimony that, during the latter part of 1867 and early part of 1868, he was engaged under the power of attorney in selling territorial rights for the patent.

The mention of "expenses," in the power of attorney, was not in the way of obligation on Walker to incur any, but was in connection with his compensation as attorney, and in measuring that he was to have one-half of the net proceeds of sales after deducting necessary expenses therefrom.

10 — 86TH ILL.

As to the exception of a power coupled with an interest, it is not enough, as appellant supposed, that the agent has an interest in the execution of the power. The meaning of that expression underwent discussion and was authoritatively determined in the case of *Hunt* v. *Rousmaniere's Administrator*, 8 Wheat. 174, where it was held that " a power coupled with an interest " is where the power or authority is coupled with an interest in the thing itself, actually vested in the agent; and that it was not an interest in that which is produced by the exercise of the power. The latter, and not the former, was all the interest of Walker in the matter, and the case can not be brought within this exception.

Nor do we perceive that it any more falls within the other exceptions — of the instrument having been given for a valuable consideration, or as a part of a security. The power of attorney itself was not given for any such independent purpose. All that can be said in that regard is that the particular clause in the instrument against revocation might be beneficial to the agent appointed, in the way of profit derivable from the exercise of the agency, and of securing compensation for any services and expenditure therein. We do not consider that any such consideration or security respecting the mere benefit to the agent from the exercising of the power should, at least under the circumstances here, debar from revoking the power. For any legal injury Walker may have sustained from the revocation he may have his remedy upon the covenant not to revoke.

The owner of the patent-right, Pease, having sold all his interest in it before the sale by the agent, Walker, to Denison, that was a revocation of the power of attorney by operation of law, the power of the principal having ceased over the subject matter.

The sale made by Walker to Denison was without right and authority, and the conveyance of the house and lot from Denison, made thereon, was without consideration. Walker knew at the time that his principal had previously sold to Danforth and Seeley all that he pretended to sell to

Denison, and the sale was not made in good faith.  The court below rightly granted relief and decreed a reconveyance.

In making the objection of the non-return of the $50 received from Walker, appellant's counsel must have overlooked the recital in the decree that it was stipulated by the solicitors of the parties, in open court, that the net use of the premises was more than sufficient compensation to repay the cash payment of $50.  This obviates the objection.

The point is made, too, of laches, in the delay in bringing suit — the bill having been filed March 29, 1870.  This objection does not appear to have been in any way raised in the court below.  In *School Trustees* v. *Wright*, 12 Ill. 432, which has never been overruled, this court decided that this objection must be raised in the court below, otherwise it must be held to have been waived.

The decree will be affirmed.

*Decree affirmed.*