### In re WALKER'S ESTATE.

(Supreme Court, Appellate Division, Third Department.   March 5, 1902.)

1. DECEDENTS' ESTATES—CREDITORS.

J., whom his wife made executor of her will, by which she gave him the use of her property for life, with a right to as much of the principal as was necessary for his support, with remainder to their sons, transferred to D. a vendor's interest in a land contract belonging to testatrix on agreement of D. to advance money needed by J. during his life, not exceeding the money due on the contract, and on death of J. to transfer the interest to one of his sons on being reimbursed for advances, less what he had received on the contract. *Held*, that D. did not become trustee of an express trust, but agent for J., or lender to him on security; so that D. dying, J. was entitled to an accounting. and was, as to any balance thus shown due him, a creditor of D.'s estate.

2. EXECUTORS—LIQUIDATED CLAIMS

The claim of a creditor of decedent's estate, which, under Code Civ. Proc. § 2722, the executor may be directed by the surrogate to pay, is a liquidated claim undisputed; and the liquidation can be only on an accounting, not of the acts of the executor, but of deceased, which can be made by the surrogate only on consent of the parties as provided by section 1822.

Appeal from surrogate's court, Broome county.

In the matter of the estate of David Walker, deceased. From an order and decree that Polly Walker, executrix, account to James Walker, she appeals. Reversed.

In 1889, Harriet A. Walker, a resident of Delaware county, died, leaving, her surviving, her husband, James Walker, and two sons, Walton H. Walker and Silas Walker. She left a will, which was duly admitted to probate in Delaware county, by which she gave to her husband, James Walker, the use of all her real and personal property for life. with the added right to sell and dispose of any property "so far and so much as he shall deem necessary for his comfortable support and maintenance during his life." By the second provision of the will, what was left of the property at the death of the husband was given to the two sons equally. The husband, James Walker, was named as executor of the will. James Walker took possession of the entire estate, and thereafter, in 1892, entered into an agreement with his brother David Walker, which recited that James Walker had conveyed to David Walker certain real estate occupied by Richard J. Bundy, and has assigned to David Walker a contract for the sale and purchase of said premises, made by Samuel C. Gilbert of the first part and the said Richard J. Bundy of the second part. In consideration of this transfer and this assignment the said David Walker by that contract agreed that he would advance him such sums of money for his support and maintenance as the said James Walker should request and need thereof during the term of his natural life, the aggregate of such moneys not to exceed the sum due and unpaid on the said contract. The said David Walker further agreed that he would pay the necessary funeral expenses, and for medical attendance during the last sickness, and that at the death of James Walker he would convey to Silas Walker, his son, the said land and the said land contract, upon being reimbursed for the moneys that he had theretofore advanced pursuant to the contract, less the amount he had received upon the contract.

Thereafter David Walker collected certain of the moneys due upon the contract, and paid over certain sums to James Walker, and in the month of January, 1899, died, leaving a last will and testament, by which Polly Walker, his wife, was made his executrix. Thereupon James Walker demanded possession of the securities which were in the hands of David Walker at his death, and an accounting under the agreement made between him and David Walker. The surrogate ordered Polly Walker to account to

James Walker for the moneys and securities held by David under the aforesaid agreement. From this order or decree this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

C. T. Alverson (Taylor L. Arms, of counsel), for appellant.

James L. Greene (A. M. Sperry, of counsel), for respondent.

SMITH, J. By the will of Harriet Walker, James Walker took only a life estate in her property, with the right to use so much of the principal as was necessary for his support. What remained of that estate at the death of James Walker was given to their two sons, Walton and Silas. This remainder was not the subject of disposition by James Walker, and his attempt, in his contract with David Walker, to pass the same to Silas Walker, was clearly void, as in contravention of the instrument by which he held his title. No evidence was taken upon this proceeding, and the decision must rest upon the petition and the answer. While the facts are not clearly stated it is fairly inferable that the interest conveyed under the contract to David Walker was simply a vendor's interest in a land contract. The moneys upon this contract were to be collected by David Walker, and paid to James Walker as his needs should require, and for the balance David was to account. The contention of the appellant is that by the contract David Walker was made the trustee of an express trust, which trust, upon the death of David, vested in the supreme court. The answer of the respondent is that by the will of Harriet Walker James Walker was himself made a trustee of this property, which trust he was powerless to delegate to David Walker, and that the contract with David Walker was therefore void. It seems clear that under the will of Harriet Walker James Walker as executor and life tenant, held such a trust position as could not be abrogated by the granting of an irrevocable trust or the giving of an irrevocable power of attorney in respect of the property so held. He had the right, however, to constitute David Walker his agent to collect the rents and profits and account to him therefor. As a necessary incident of the agency, he probably had the right to give to David his title to the land and land contract, such as it was. James, then, is alone interested in the performance of David's contract. No provision is made for any compensation to David. Under the circumstances of this case the contract with David must be held to create either an agency revocable at the pleasure of the principal, or merely the relation of lender and borrower, with security given for moneys to be loaned. See Heermans v. Ellsworth, 3 Hun, 473; Walker v. Denison, 86 Ill. 142; Blackstone v. Buttermore, 53 Pa. 266. With either construction of the agreement with David Walker, no trust imposed upon James Walker by the will of Harriet Walker has been violated, and at the death of David Walker his executor is required to account for any balance she may have in her hands which was held by David Walker at his death as the proceeds of this agency, or as the balance of security after payment of moneys loaned. To the amount of this balance James Walker is, I think, a creditor of the estate.

This decree is not justified, however, by the mere fact that the petitioner is a creditor. The claim which can be directed paid by the surrogate under section 2722 of the Code of Civil Procedure is a liquidated claim undisputed. This claim is not liquidated, and can only be liquidated upon an accounting. That accounting is not an accounting of the acts of Polly Walker as executrix, but the accounting of the acts of David Walker. Such an accounting the surrogate is wholly without jurisdiction to entertain, except upon the stipulation of all parties. Without the consent to try the same before the surrogate, the claim must be liquidated and established against the estate as any other claim, before the surrogate can order its payment. After the liquidation of the claim or its establishment, the surrogate of Broome county is the only surrogate with the authority to direct its payment. The appellant's claim that the surrogate of Delaware county is the only surrogate with jurisdiction in this matter is, we think, ill-founded. For the reason, then, that no consent has been given for the adjudication of this claim before this surrogate, as seems to be permitted by section 1822 of the Code of Civil Procedure, we think the order of the surrogate was erroneously made, and should be reversed.

Decree reversed, without costs, and petition dismissed. All concur.