ERNEST H. TRACY ET AL., APPELLANTS, v. W. J. DEAN,
APPELLEE.

FILED OCTOBER 18, 1906.   No. 14,434.

1. **Real Estate Agents: CONTRACTS.** To entitle a real estate broker to recover a commission for the sale of real estate he must prove a sale of the land on such terms as would entitle him to a commission under the provisions of a written contract between himself and the owner.

2. **Evidence.** Correspondence set out in the opinion *held* insufficient to entitle the plaintiff to recover a commission.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Mapes & Hazen,* for appellants.

*M. D. Tyler,* contra.

EPPERSON, C.

Plaintiffs are real estate brokers, and brought this suit to recover a commission alleged to be due by reason

of a sale of defendant's property, situate in the city of Norfolk. The case brought shows the following facts: On September 28, 1901, plaintiffs wrote defendant (Exhibit A) as follows: "Do you wish to sell your residence property in this city? If so, kindly name your lowest price for cash, also your price on time, and terms, both subject to a commission of 5 per cent. on the first thousand and 2½ per cent. on balance. If you will make the price right, we think we may be able to make a sale. An early reply will greatly oblige." On October 3, 1901, defendant replied (Exhibit B) as follows: "In reply to yours of Sept. 28, will say that my price on my Norfolk property is $2,000. Will sell on time if satisfactory payment can be made, or will give you an option for 6 months at $1,800 cash, meaning by this that I am to receive $1,800 cash, you all above that you can get. Let me hear from you. It has been in hands of Lamont." On May 21, 1902, plaintiffs again wrote the defendant a letter (Exhibit C) regarding this property as follows: "We have been endeavoring all winter to effect a sale on your property at $2,000, but, so far, have been unable to do so, as it is priced a little bit strong considering other properties which have been sold in town of about the same character. We have an offer now of $1,250 cash and two vacant lots, 45 by 122 each, block one, Bear and Mathewson's addition to Norfolk, on 10th street facing east. These lots are in the block where Dan Koenigstein now lives, and two new houses costing about $1,500 each have been built between his house and this property, which is the southeast corner of the block. The lots are probably worth $600 to $650. Kindly advise us whether you will consider proposition of this kind, allowing us a commission for the same, and greatly oblige." To this letter the defendant wrote and mailed, May 31, 1902, the following reply (Exhibit D): "It is impossible for me to form a correct judgment concerning the offer you have on my property without knowing more about the lots. I will be in Norfolk in a few days, and then if the offer

is still open it will not take me long to decide.   If I find
the lots are worth $600, I will probably make the trade."
Within a few days after the mailing of the letter last above
set out, plaintiff visited Norfolk, and rented the property
in question to one Hoffman.   Later defendant conveyed
his property to' Hoffman, and received therefor $1,300
in cash and the lots described in plaintiff's letter (Exhibit
C).   The deal was finally consummated through cor-
respondence between defendant and Hoffman.   While in
Norfolk the defendant did not negotiate with plaintiffs,
nor call upon them to render assistance in bringing about
a sale.   There is some conflict in the evidence as to
whether the increase of $50 in the cash payment was
brought about through the efforts of the plaintiffs, but, as
we view the case, it is immaterial.

Before the plaintiffs may recover they must show a
written contract, subscribed by the parties, wherein is
set forth the compensation to be allowed by the owner
in case of a sale by the broker or agent.   Ann. St. sec.
10258.   The plaintiffs rely upon the correspondence
above set out to show such a contract.   At most, such
correspondence amounted to an agreement to pay a com-
mission in the event that the plaintiffs would sell the
property for more than $1,800 within six months from
and after the date of defendant's first letter (Exhibit B).
Even had the time therein limited been extended by parol
agreement, plaintiffs have failed to show that they are'
entitled to a commission.   The evidence does not disclose
that the lots taken by the defendant as a part of the con-
sideration for the sale of his property exceeded $500 in
value, and therefore, giving the correspondence the most
liberal construction favorable to plaintiffs, they did not
earn the commission under its terms.

The judgment of the district court was for the defend-
ant, and we recommend that it be affirmed.

AMES and OLDHAM, CC., concur,

By the Court:   For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.