NEBRASKA PLUMBING SUPPLY COMPANY, APPELLEE, v. J. A. PAYNE, APPELLANT.

FILED MAY 7, 1909. No. 15,681.

1. **Evidence: ADMISSIBILITY.** In an action to recover the contract price of a steam heating plant, where the defense is that the apparatus is worthless and not according to contract, hearsay testimony of an opinion expressed by a workman on the job, after the completion of the plant and its surrender to the defendant, *held* to be inadmissible.

2. **Sales: WARRANTIES: INSTRUCTIONS.** In such an action, the rule as to substantial performance applies, and the instruction set forth in the opinion is a correct statement of the law.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*B. N. Robertson,* for appellant.

*Rich, O'Neill & Gilbert,* contra.

LETTON, J.

This is an action for the contract price of a steam heating plant. The defendant admits the contract and the placing of the boiler, radiator and appliances, but avers that it was left unfinished, that it is useless and worthless and of no value, and pleads a number of specific defects which he alleges exist in the apparatus. He also filed a counterclaim for certain articles of material and labor furnished by him for the setting of the apparatus and for board of workmen. The jury found for the plaintiff, and we are of the opinion that the evidence fully sustains the verdict; in fact, as we read the record, we do not see how a jury of ordinary intelligence could have arrived at any other conclusion. Part of the things lacking of which the defendant complains, it was clearly his duty to himself supply, the other defects he could easily have procured to be remedied if he had in good faith intended to comply with his contract. The conclusion we draw from the testimony is that after he had bought the heating plant he changed his mind, rued his bargain, and therefore refused to accept it.

A number of errors are assigned with reference to the admission and rejection of evidence and with regard to the instructions, but under the evidence we do not think it necessary to notice more than one or two of them. The defendant offered to prove that on the day after the plant had been tested, and while one Greene, an employee, was again testing it, Greene said: "That the pump was not sufficient to relieve the pipes, and that the plant was impracticable and would not heat the house." This offer was objected to and refused. Greene had died before the

trial.   The offered evidence was merely an expression of
an opinion by an employee.   It was hearsay testimony.
There was nothing to show that Greene was more than an
ordinary workman, or that he was in any way authorized
to bind plaintiff.   He was in the employ of Balfe, a steam
fitter, who seems to have been employed by the plaintiff
to do the work of installing the plant.   The matter as to
which it was sought to show that Greene expressed an
opinion was the very point in issue in the case.   The de-
fendant was entitled to prove this by all the witnesses
whom. he could find willing and competent to testify to
that effect, but it was not competent for him to prove by
hearsay an opinion of one not in privity with the plaintiff,
and not authorized to speak for it, as an admission
against its interest; nor was it admissible as part of the
*res gestæ*, as defendant asserts, because the plant had been
finished and surrendered to Payne the day before, and
Greene was left at Payne's request to show him how to
operate it.

Defendant also complains of the admission of a letter
written to Mr. Gradwohl, plaintiff's president, by R. C.
Campbell, an attorney of Hamburg, Iowa.   The defendant
testified that he had Campbell write some letters for him,
that he did not think he corresponded with Gradwohl,
"but that he might have done so.   The correspondence will
show it.   *   *   *   I dictated the letters that he wrote.
*   *   *   I gave him the purport of the letter."   The letter
shows on its face it was written by Campbell to Gradwohl
in relation to the heating plant.   We think it clearly ad-
missible under these facts.

The court instructed the jury: "If you find from the
evidence that the plaintiff has substantially performed its
contract in this regard, you should find for the plaintiff
on this issue.   And in passing upon this issue you are
instructed that, if you believe the plaintiff in good faith
substantially performed the terms of its contract, but
that there are some slight omissions or defects which are
not so essential as to defeat the object of the parties, but

could be readily remedied, then the plaintiff can recover the contract price less the damages occasioned by the omission or defect. Such damages are what it would have cost the defendant to remove the defect or omission, and thus give to the defendant what his contract called for." This instruction, with another of like tenor, is vigorously assailed, but we think it states the law correctly. 3 Page, Contracts, secs. 1385, 1387; *Shepard v. Mills*, 173 Ill. 223, (s. c.) 70 Ill. App. 72.

It is said this is not a building contract, and it is contended there was no actual attachment of the apparatus to the realty, but the evidence shows to the contrary. The subsequent negotiations for a settlement on the basis of its severance and removal cannot change the legal result of the contract and its execution.

We find no prejudicial error in the charge of the court nor in the amount of the verdict. We are also satisfied that the objections to jurisdiction were properly disposed of, and think that upon the whole record the defendant has no cause to complain. In fact, we are strongly impressed that he made no attempt to comply in good faith with the contract, and that the jury would have been derelict in its duty if it had rendered a verdict for the defendant under the proofs.

The judgment of the district court is

AFFIRMED.