LEWIS E. HALLSTEAD, APPELLANT, v. JAMES E. PERRIGO, APPELLEE.

FILED JUNE 10, 1910. No. 16,086.

1. Principal and Agent: REVOCATION OF AUTHORITY. If a principal who has given an agent authority to sell the former's land him-

self sells and disposes of that real estate before the agent procures a purchaser therefor, the agent's power to sell is revoked by operation of law.

2. ——: ——: POWER COUPLED WITH INTEREST. Where an agent is vested with a mere naked authority not coupled with an interest, his principal may revoke that authority before performance; but if the agent has rendered services and incurred expense in the course of his employment before his authority was canceled, the principal will be liable therefor, unless it is otherwise provided by the terms of their agreement.

3. A general demurrer to a petition admits the truth of all allegations well pleaded therein.

4. Pleading: SUFFICIENCY. Where a petition discloses that the defendant has invaded the plaintiff's legal rights under circumstances making the former liable for nominal damages, a general demurrer to the petition should be overruled.

5. ——: ——. And if the pleader further alleges in the petition the existence of facts justifying a judgment for compensatory damages, a judgment sustaining a general demurrer and dismissing the action should be reversed, although those allegations are indefinite and subject to a motion to make more certain.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Reversed.*

*C. E. Spear* and *F. D. Williams,* for appellant.

*A. E. Garten, contra.*

ROOT, J.

August 29, 1907, the defendant in a written statement duly authorized the plaintiff to sell the former's land. The following is a copy of the writing, omitting matters of description:

"James E. Perrigo of Albion, of the county of Boone and the State of Neb., do hereby authorize L. E. Hallstead, of Petersburg, Nebraska, to bargain and sell the above lands at the price set forth and do hereby agree that I will convey as above said lands on sale of the same. I further agree that the above described lands shall be left with said L. E. Hallstead, for sale as above Jan. 1 from date hereof and thereafter until 10 days notice in

12

given of the withdrawal of said lands from said L. E. Hallstead hands in writing and if said L. E. Hallstead sell or are in any manner instrumental in selling said land during said time I will pay L. E. Hallstead commission thereon at the rate of 5 per cent. for first $1,000.00 and 2½ per cent. on balance per $1,000.00. And if said lands are sold by ........or others without the aid of L. E. Hallstead, directly or indirectly, or indirectly will pay them ...............dollars, in full for all trouble in showing or advertising said lands. I will furnish abstract in case of sale, and I agree not to place the property in the hands of any other agent during the continuance of this agreement."

The plaintiff alleges in his petition that it was the understanding and agreement of the parties that said document gave the plaintiff the exclusive right to sell the defendant's farm during the period of time named in the contract; that the plaintiff advertised said land for sale and exhibited it to prospective purchasers, but the defendant, in violation of his agreement, employed another broker, and through that agent in September, 1907, sold the land for $67.50 an acre. Damages in the sum of $305 are demanded. A general demurrer to the petition was sustained, and the plaintiff's action dismissed. Plaintiff appeals.

The cause is submitted in this court upon printed arguments and the record. A consideration of these documents convinces us that the learned district judge erred in sustaining the demurrer. Section 10856, Ann. St. 1909, concerning brokers' contracts, is satisfied by the contract of agency. By the terms of the document the defendant agreed not to employ any agent other than the plaintiff prior to January 1, 1908, for the purpose of selling the land described in the contract. The defendant did not thereby disable himself from revoking the agency at any time. *Woods v. Hart*, 50 Neb. 497; *Miller v. Wehrman*, 81 Neb. 388; *Walker v. Denison*, 86 Ill. 142; *Chambers v. Seay*, 73 Ala. 372. The defendant had the right to

sell his land either by his own efforts or through the agency of a third person, and the sale would by operation of law revoke the plaintiff's authority to sell the defendant's land. *Bissell v. Terry,* 69 Ill. 184; *Walker v. Denison, supra.* If the sale were accomplished independently of the plaintiff's efforts, the defendant would not be liable to plaintiff for a commission, unless the latter had theretofore produced a person ready, able and willing to purchase the real estate upon the terms set forth in the contract of agency. *Tracy v. Dean,* 77 Neb. 382; *Bolton v. Coburn,* 78 Neb. 731; *Waterman v. Boltinghouse,* 82 Cal. 659; *Sibbald v. Bethlehem Iron Co.,* 83 N. Y. 378; *Chambers v. Seay, supra.* The decisions cited by the plaintiff to the effect that he ought to recover a commission do not sustain his argument. They relate to instances where the agent had produced a purchaser before the defendant had sold through agencies other than the plaintiff, or where the contract provided the agent should be paid a commission if the land were sold, without regard to the individual responsible therefor. According to the plaintiff's petition, his agency had not been revoked prior to the date the defendant's land was sold by the rival broker, and theretofore the plaintiff had performed services and incurred expense in the course of his employment. These acts, in connection with the defendant's agreement not to employ another broker and not to revoke the plaintiff's authority prior to Jan. 1, 1908, created an obligation on the part of the defendant to respect his promise. If that obligation is violated, the plaintiff may at least recover the reasonable value of services rendered and for money properly expended in furtherance of his employment. *Chambers v. Seay, supra; Walker v. Denison, supra; Glover v. Henderson,* 120 Mo. 367; Mechem, Law of Agency, sec. 621; Evans (Ewell) Agency, p. *84.

But little reference is made in the petition to services rendered and expense incurred by the plaintiff in the execution of his agency, but the petition is not barren upon these points. The remedy is a motion for a more specific

statement, and not a general demurrer. If the allegations in the petition are true, and cannot be avoided by the defendant, the plaintiff's legal rights have been invaded by the defendant, and the plaintiff should at least recover nominal damages therefor. 13 Cyc. 14. It may be that if no more than nominal damages can be recovered the judgment, although erroneous, ought not to be reversed. *Roberts v. Minneapolis Threshing Machine Co.*, 8 S. Dak. 579. In the instant case, if the allegations in the petition are true, more than nominal damages should be assessed. The defendant contends that, unless a broker has earned his commission, he may not recover for a breach of his contract, but no such construction should be placed upon the statute. The law was enacted to protect the owners of real estate against trumped up claims presented by real estate brokers, but when the statute has been satisfied the principal should answer for any breach of his contract. We do not think the contract should be construed to release the defendant from all liability if the allegations in the petition are true.

This opinion should not be construed to the prejudice of any lawful defense the defendant may interpose by answer to the plaintiff's claim.

For the reasons above stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.