Motion for reargument granted, without costs. Submit decree on notice granting letters of administration to John Thomas Brattin.
Decreed accordingly.

(80 Misc. Rep. 466.)

### In re HYATT'S ESTATE.

(Surrogate's Court, Westchester County. April, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 194*)—CLAIM CREATED BY EXECUTOR—JURISDICTION OF SURROGATE.

A surrogate has no jurisdiction to direct the payment of a claim created by the executor after the death of testatrix.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 713–723; Dec. Dig. § 194.*]

2. EXECUTORS AND ADMINISTRATORS (§ 194*)—PETITION—SURROGATE—"CREDITOR."

The word "creditor," as used in Code Civ. Proc. § 2722, providing that a petition for the payment of a debt may be presented to the surrogate by a creditor, refers to a creditor of the estate of the decedent and does not apply to work done for the estate on the executor's order.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 713–723; Dec. Dig. § 194.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622, 7623.]

Petition for payment of a claim against the estate of Pamela Hyatt. Dismissed.

Stuart Baker, of Ossining, for claimant.
George F. Allison, of New York City, opposed.

SAWYER, S.    [1] In this proceeding a petition was presented to the Surrogate's Court praying for a decree directing the executors to pay the claim of the petitioner. One of the executors, Mortimer Hyatt, and the petitioner, Ralph O. Hiler, both testified that the work which was performed, as mentioned in the petition presented herewith, was ordered by said executor Mortimer Hyatt. In other words, the claim in question was under a contract which had evidently been entered into by one of the executors subsequently to the death of the testatrix, Pamela Hyatt.

[2] Under the provisions of section 2722 of the Code of Civil Procedure, a petition may be presented:

"By a creditor, for the payment of a debt, or of its just proportionate part, at any time after six months have expired since letters were granted."

The word "creditor," as used in the section of the Code above referred to, refers to a creditor of the estate of the decedent. The surrogate has no jurisdiction to order the payment of a claim created by an executor. His jurisdiction is only as to claims against the deceased. Buckley v. Staats, 4 Redf. Sur. 524; Hall v. Dusenbury, 38 Hun, 125; Matter of Walker, 70 App. Div. 263, 74 N. Y. Supp. 971. In the case of Buckley v. Staats, the court held as follows:

"The surrogate has no power to direct the payment of a claim created by the executor. The jurisdiction is * * * only to claims against the deceased."

In the case of Hall v. Dusenbury, the decision was as follows:

"The term 'creditor' * * * is confined to those persons to whom the deceased was indebted during his lifetime."

The claim of a creditor of a decedent's estate, which, under section 2722 of the Code of Civil Procedure, the executor may be directed by the surrogate to pay, is a liquidated claim undisputed; and the liquidation can be only on an accounting, not of the acts of the executor, but of deceased, which can be made by the surrogate only on consent of the parties, as provided by section 1822 of the Code of Civil Procedure.

Clearly the petition presented in this case asks for the payment of a claim which had been ordered and created by the executor subsequently to the death of the testatrix. The Surrogate's Court has no jurisdiction to determine claims of this character.

Petition dismissed.

---

(80 Misc. Rep. 458.)

### In re ROBINSON'S ESTATE.

(Surrogate's Court, Westchester County. April, 1913.)

TAXATION (§ 876*)—TRANSFER TAX—CHARITABLE BEQUEST.
　　A bequest to individuals in trust for charitable purposes is taxable under Tax Law (Consol. Laws 1909, c. 60) § 221, though the will authorizes the trustees to cause a corporation to be created to execute the trust; no such corporation having been formed at the time of the assessment, though devise to charitable corporation would be exempt.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693–1699; Dec. Dig. § 876.*]

In the matter of the appraisal of the estate of Mary S. Robinson, deceased. From an order assessing the transfer tax, the executors and trustees under the will of decedent appeal. Affirmed.

John J. Sinnott, of North Tarrytown, for State Comptroller.
Henry Necarsulmer, of New York City, for executor and trustees.

SAWYER, S. This is an appeal by the executor of and the trustees under the last will and testament of Mary S. Robinson, deceased, from an order of the surrogate of Westchester county, fixing and assessing the transfer tax upon the transfer of the testatrix's residuary estate.

The testatrix died in October, 1909, leaving a last will and testament, and by the ninth and tenth paragraphs of said will she devised and bequeathed her entire residuary estate.

"Ninth. I direct my said executor to pay over the rest, residue and remainder of my estate to the said Burton C. Meighan and Frank B. Upham, in trust, however, for the following uses and purposes: The said trustees are to invest such portion of the fund as shall not be used for the purposes herein specified, in the securities prescribed by law as savings bank investments; and they are to disburse the principal or interest, or both, of said fund in their discretion as follows, to wit: To provide shelter, necessaries of life, education, general or specific, and such other financial aid as may seem to them fitting and proper to such persons as they shall select as being in need

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes