FRANK O. SJOGREN ET AL., APPELLEES, v. LIBERTY CLARK ET AL.: JAY HASTINGS, APPELLANT.

FILED JULY 15, 1921. No. 21688.

1. **Principal and Agent:** REVOCATION OF AGENCY. "Where an agent is vested with a mere naked authority not coupled with an interest, his principal may revoke that authority before performance." *Staats v. Mangelsen*, 105 Neb. 282; *Hallstead v. Perrigo*, 87 Neb. 128.

2. **Appeal:** ISSUES: PLEADING. Record examined, and *held* that the issue of rescission of the agency contract was, without objec-

tion, limitation or restriction, fully tried out in the district court, and that objections made in this court for the first time that a rescission of the contract was not pleaded in the court below will not be considered as a ground of reversal. *Boyd v. Lincoln & N. W. R. Co.*, 89 Neb. 840.

3. **Evidence** examined, and *held* to sustain decree of the lower court.

APPEAL from the district court for Polk county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Mills, Beebe & Mills,* for appellant.

*John C. Martin* and *E. E. Stanton, contra.*

Heard before MORRISSEY, C.J., FLANSBURG and ROSE, JJ., DICKSON and TROUP, District Judges.

DICKSON, District Judge.

From the record it appears that the appellees, plaintiffs below, were owners of a quarter section of land in Polk county; that on the 17th day of May, 1919, they executed and delivered to the appellant, Jay Hastings, an agency contract, authorizing and empowering him to sell this land; that on the 13th day of June following, the appellant, as agent for the appellees, entered into a contract for the sale of the land with Liberty Clark, defendant below. In October following, this action was commenced by appellees against Liberty Clark, the alleged purchaser of the land, Jay Hastings, their agent, and J. J. Peters, a tenant of Clark.

It is alleged in the petition, in substance, that the appellees are the sole owners and entitled to the possession of the land; that on the 17th day of June the defendants caused to be placed of record the contract of sale to Clark; that they never executed or authorized the execution of the contract by Hastings, and that the same casts a cloud upon the title, and they pray for a cancelation thereof and the quieting of the title in the appellee Frank O. Sjogren.

The appellant, Hastings, filed his separate answer and cross-petition, setting forth what he claims to be a copy

of the contract of sale with Clark, which does not materially differ from that set forth by the appellees, also, attached is a copy of the agency contract between him and the appellees, and he states that, in pursuance of the terms thereof, he sold the property to Clark for $18,400, he paying $2,400 in cash, the remainder to be paid March 1, 1920, and that of the money paid to him by Clark he tendered $1,000 to the appellees, which they refused to accept; that Clark was ready, willing and able to perform all the terms of his contract, but that the appellees refused to complete the sale and had brought an action to cancel the contract that he made with Clark as their agent, and that they are indebted to him, in the sum of $1,400 as commission, and he prays judgment therefor. To this answer the appellees replying deny all the allegations, save only such allegations of the answer as admit allegations of the petition.

In view of the fact that Clark and Peters have not appealed from the decree of the trial court, it is unnecessary to notice their pleadings, except to say that Clark pleaded the contract made by Hastings on behalf of the appellees, and that Hastings was authorized by the contract in writing to execute for the appellees the contract of sale, and that he stood ready to and had the ability to perform said contract. The defendant Peters also, in a general way, answers the petition, and alleges an oral lease with Clark for the land. Replies were filed to the answers of Clark and Peters which are similar to the reply filed to the answer of Hastings. A trial was had which resulted in a decree finding generally for the plaintiffs and against all the defendants, and the Clark contract of sale was set aside and canceled, the title quieted and confirmed in the appellee Frank O. Sjogren, and Hastings' cross-petition was dismissed. Hastings filed a motion for a new trial, which was overruled, and he only appeals to this court.

The record presents for consideration two questions: First, that the attempted sale of the land by appellant was not upon the terms of the agency contract and within

thc scope of his authority granted thereby; that is, that the contract of sale made other and different terms and provisions from those granted to Hastings in his contract. Second, that the appellant had no right or authority to proceed to act as agent for the appellees at the time he executed the Clark contract; in other words, that the agency contract had been revoked before the alleged sale agreement had been entered into with Clark.

A consideration of the first question is unnecessary if we find for the appellees on the second proposition. This requires an examination of the record. The pleaded contracts of agency and sale are not in dispute; that is, the appellees admit executing the contract of agency, and the contract of sale made by Hastings to Clark was not controverted except in so far as Hastings had authority to enter into the same and bind the appellees. It is urged by appellant, Hastings, that rescission is an affirmative defense and must be pleaded if relied upon as a defense; while the appellees contend that one of the issues tried and determined by the lower court was whether or not the contract of agency executed by the appellees had been revoked prior to the making of the claimed sale to Clark by Hastings. A careful examination of the record shows that the question of rescission was fully gone into by the parties without objection. The appellees testified that a short time after the making of the agency contract, and before the making of the Clark sale, they told Hastings that they had decided not to sell, and that he told them he would not as he had plenty of land to sell. This was denied by Hastings. Both offered evidence in support of their contentions. This question of fact was fully, and without objection, limitation or restriction, tried out before the court and determined. The rule is well settled in this state that—"Upon appeal the same cause must be presented in this court that was tried in the court below. If an issue is there tried by both parties, and without objection from either that the issue is not sufficiently pleaded, such objection will not be considered

in this court as ground for reversal." *Boyd v. Lincoln &
N. W. R. Co.,* 89 Neb. 840.

This now brings us to the question, Did the appellees
have the right to revoke the agency contract before sale?
The right of rescission before sale is also well settled in
this state. The court said in *Hallstead v. Perrigo,* 87
Neb. 128, and *Staats v. Mangelsen,* 105 Neb. 282: "Where
an agent is vested with a mere naked authority not
coupled with an interest, his principal may revoke that
authority before performance."

Was there a rescission of the contract before sale? The
evidence is conflicting upon this question. The appellees
both testified that, before the Clark contract was exe-
cuted by Hastings, they told him, in substance, that they
had decided not to sell, and the record shows that when
the Clark contract was presented to them for signature
by W. O. Mickey, Hastings' partner, they refused to sign,
and assigned as a reason that they had told Hastings not
to sell. Yet, with full knowledge of their refusal to sign
or authorize the contract, Hastings undertakes to bind
his principals by signing the contract for them; which
was an unusual thing for an agent to do. Instead of go-
ing out and ascertaining why they refused to sign the
contract, he proceeded to sign the same, disregarding their
wishes. Such conduct has the appearance of bad faith, to
say the least, and to ask its enforcement in a court of
equity is expecting much under the circumstances dis-
closed by the record. While the revoking of the agency
contract is denied by appellant, Hastings, and some evi-
dence is offered by him tending to show that there was no
rescission, yet, after a careful consideration of all the
evidence, we do not hesitate to find and say, independently
of the findings of the lower court, that the decree is sus-
tained by ample and sufficient evidence. The contract of
agency having been rescinded before sale, the appellant
could not maintain this action against the appellees. The
appellant having an exclusive agency, the appellees might,
in a proper action, be liable to the appellant in some

amount, but such liability is not presented by the pleadings and evidence. *Hallstead v. Perrigo, supra.*

The agency contract having been revoked before sale, and that issue of fact having been tried by both parties without objections, and the other assigned errors being without merit, it follows that the decree of the trial court must be, and it is,

AFFIRMED.