EDWARD A. JOHNSON, APPELLEE, V. JOHN WESKAMP, APPELLANT.

FILED JANUARY 29, 1932. No. 28098.

*Cordeal, Colfer & Russell* and *F. J. Schroeder*, for appellant.

*Butler & James, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

GOOD, J.

This is an action in equity to establish the boundary line between the southeast and the southwest quarters of section 25, township 5 north, range 29 west, in Frontier county, Nebraska, and to quiet title to the said southeast quarter in plaintiff.

Plaintiff is the owner of the southeast quarter and defendant the owner of the southwest quarter of said section. The boundary line between the two quarters was not definitely known, and each entertained a different view as to the location thereof. In the petition it was alleged that the parties had agreed to establish the boundary line at a point 160 rods east from a fence maintained on or near the west boundary line of defendant's quarter section, and that this line should be the true boundary. Plaintiff prayed the court's approval and decree that such boundary should be the true boundary. Defendant denied this agreement and alleged, in substance, that they had agreed to establish the boundary line by measuring 480 rods west from the east line of section 30, in township 5, range 28, said section lying immediately east of and adjacent to section 25. The court found that neither of the agreements contended for by the parties was established by the evidence, but found from the evidence that the true boundary line was at a point intermediate between those contended for by the parties. Defendant alone has appealed. Since plaintiff has not appealed, the finding that the agreement alleged by him was not established by the evidence must be accepted as correct.

Defendant complains that the court erred in finding that the agreement by him alleged, with respect to the boundary line, was not sustained by the evidence. This contention is without merit. The record is devoid of proof that would support any such agreement as contended for by defendant.

Defendant further contends that the findings and judgment are supported neither by the pleadings nor by the evidence, the principal argument being that the issue as to the true boundary line was not presented by the pleadings.

The record discloses that both parties offered evidence, which was received without objection from either, tending to show the location of the true boundary line. Both parties treated the pleadings as putting in issue the location of the true boundary line. They tried that question to the court, although it may not have been formally and technically presented by the pleadings. Defendant contends for the rule that the allegations and proof must agree. Such is the general rule, but it has some well-recognized exceptions.

In *Hensley v. Chicago, St. P., M. & O. R. Co.*, 118 Neb. 690, it was held: "The general rule that the allegations of the pleadings and proof thereunder must agree will not be applied to reverse a judgment, where an issue is tried by both parties without objection from either that such issue is not sufficiently pleaded. Under such conditions, the appellate court will consider the pleadings as sufficient to raise the particular issue." Holdings to like effect by this court have been made in *Auld v. Walker*, 107 Neb. 676; *Sjogren v. Clark*, 106 Neb. 600; and *Boyd v. Lincoln & N. W. R. Co.*, 89 Neb. 840. Applying this rule, we think the court was justified in treating the pleadings as raising the issue as to the location of the true boundary line between the two quarter sections.

Another rule, quite applicable to the situation presented in this case, is: "A court of equity, having obtained jurisdiction of a cause, will retain it for all purposes, and render such decree as will protect the rights of the parties

before it, and thus avoid unnecessary litigation:" *Buchanan v. Griggs,* 20 Neb. 165. This rule was followed and applied in *Seng v. Payne,* 87 Neb. 812; *Bell v. Dingwell,* 91 Neb. 699; and *Shevalier v. Stephenson,* 92 Neb. 675.

In the instant case, the court had jurisdiction of the controversy to quiet plaintiff's title to the southeast quarter of said section 25. Necessarily, it was required to determine where the boundary lines of that quarter were. In fact, that was the principal point in dispute. We think the court was vested with jurisdiction, under this rule, to determine the true boundary line.

Defendant urges that the evidence does not sustain the findings of the court. The court found that the northeast and the southeast corners of the southeast quarter were marked and designated by stones placed there by authority, and that the southwest corner of said quarter section was marked by pits and a mound, indicating the original government quarter corner. The northwest corner of said quarter section was found to be 38.80 chains west from the northeast corner of the southeast quarter and to be 39.80 chains east from the west section line of said section 25. The record discloses that the south half of section 25 contains approximately 314 acres, instead of the customary 320 acres to a half section. The result of establishing the boundary line, as found by the court, awards to plaintiff approximately 156 acres and to defendant 158 acres.

We are satisfied, from an examination of the entire record, that the finding of the court, with respect to the boundary line between the two quarter sections, is amply sustained by the evidence, and we concur in that finding.

No error prejudicial to defendant has been found. Judgment

AFFIRMED.