WILLIAM RICKERTSEN, APPELLEE, V. CLAY CARSKADON,
APPELLANT.

108 N. W. 2d 392

Filed March 31, 1961.   No. 34890.

*Beatty, Clarke, Murphy & Morgan, Donald W. Pedersen, Frank E. Piccolo, Jr.,* and *Stewart & Stewart,* for appellant.

*Smith Brothers,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

SPENCER, J.

This is the second appearance of this case before this tribunal. The previous opinion is Rickertsen v. Carskadon, 169 Neb. 744, 100 N. W. 2d 852. The second trial, like the first, resulted in a jury verdict for the plaintiff, William Rickertsen, hereinafter referred to as plaintiff. The defendant, Clay Carskadon, hereinafter referred to as defendant, appeals. The previous opinion contains a full statement of the facts and issues involved, which will not be set out herein except as necessary to explain the issues.

Defendant in this second appeal does not assign or discuss any specific error as to the submission of the issue as to whether he contracted with plaintiff or the Gothenburg Co-Operative Oil Company. The jury, under proper instructions, decided that issue in favor of the plaintiff. The case then is one of contract between the plaintiff and the defendant.

Defendant's brief lists 13 assignments of error. We will consider those specifically relating to the court's instructions Nos. 5, 6, and 7.

The court in instruction No. 5 correctly told the jury that even in express contracts there is an implied promise that the work will be done in a proper manner. He advised the jury that merely by taking a job, one contracts that he has the requisite skill to perform it. We

said in Numon v. Stevens, 162 Neb. 339, 76 N. W. 2d 232: "One who undertakes for a consideration to do work requiring special skill, impliedly represents that he possesses, and will exercise, such reasonable degrees of skill as the nature of the service may require; and if he is to furnish his own tools, implements, or machinery, there is an implied representation as to their fitness for the use to which they are to be put."

The contract alleged by the plaintiff covered only the purchase and application of anhydrous ammonia to defendant's farm. It did not include any provisions as to the method of application. The defendant in his answer alleged: "That should it be found upon any theory, which defendant denies, that he is bound by purchase or otherwise, to the plaintiff for said anhydrous amonia (sic) or the application thereof upon defendant's lands, that said anhydrous amonia(sic) was improperly, negligently and carelessly applied to defendant's lands in such manner that the same was wholly worthless and of no value whatsoever to defendant's said lands * * *." It is evident that if the defendant was contending that the plaintiff was to perform the work in other than a workmanlike or proper manner, he has not properly pleaded that issue. We have no quarrel with the authorities cited by the defendant on evidence of usage or custom. However, in the present state of the record, they are inapplicable.

The correct rule is that when the terms of an express contract are clear and unambiguous, they cannot be varied or contradicted by evidence of custom or usage, and this is true whether the contract is oral or written. Conversely, such evidence is admissible where there is a conflict as to the terms of the contract to explain the meaning of the words or phrases used, or where the contract is silent as to certain points which may be inherent in the nature of the contract. See, O'Gara Coal Co. v. Chicago, M. & St. P. Ry. Co., 114 Neb. 584, 208 N.

W. 742; James Poultry Co. v. City of Nebraska City, 135 Neb. 787, 284 N. W. 273.

If in this case the evidence indicated the contract was one with express terms, conditions, and directions, those would prevail and nothing would be left for implication. Instruction No. 5 would then be prejudicially erroneous. This is not the situation.

Instruction No. 6, so far as material herein, is as follows: "When a party to a contract has not strictly performed his promises, his efforts at performance may under some circumstances be found sufficient to amount to substantial performance.

"Substantial performance is shown when the following circumstances are established by the evidence:

"(1) The party has made an honest endeavor in good faith to perform his part of the contract.

"(2) The results of such endeavor are beneficial to the other party, and

"(3) Such benefits are retained by the other party.

"If any one of said circumstances is not established, the performance is not substantial and the party has no right of recovery."

We know of no rule of law which holds that a party has substantially performed merely because he in good faith endeavors to perform his contract. The other party should receive at least approximately what he bargains for. As to point (2) above, it would appear evident also that the degree of benefit should have some materiality. Certainly defendant would be entitled to receive substantially that for which he contracts. With reference to point (3) above, covering the retention of benefits, is the possibility of return material?

We feel that the court in instruction No. 6 told the jury that if the plaintiff made an honest endeavor in good faith to perform his contract regardless of whether he succeeded, and if that endeavor conferred any benefit on defendant, and defendant retained that benefit, however meager, and regardless of the fact that anhy-

drous ammonia once applied could not be returned, that the plaintiff had substantially performed his contract. This is not the law and the instruction was prejudicially erroneous.

In Nebraska Plumbing Supply Co. v. Payne, 84 Neb. 390, 121 N. W. 243, we approved the following instruction: " 'If you find from the evidence that the plaintiff has substantially performed its contract in this regard, you should find for the plaintiff on this issue. And in passing upon this issue you are instructed that, if you believe the plaintiff in good faith substantially performed the terms of its contract, but that there are some slight omissions or defects which are not so essential as to defeat the object of the parties, but could be readily remedied, then the plaintiff can recover the contract price less the damages occasioned by the omission or defect. Such damages are what it would have cost the defendant to remove the defect or omission, and thus give to the defendant what his contract called for.' "

The law in Nebraska is well settled that one cannot maintain an action on contract without a prior substantial compliance on his part, but this principle must have a reasonable application. If there is a substantial performance, the action may be maintained but without prejudice to any showing of damages on the part of defendant for the failure to receive full and complete performance. McGowan v. Gate City Malt Co., 89 Neb. 10, 130 N. W. 965.

The pleadings in this case leave much to be desired. Plaintiff in his petition adequately conformed to section 25-836, R. R. S. 1943, which provides: "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading must establish on the trial the facts showing such performance." Defendant in his answer, however, did not properly put in issue the performance of conditions precedent.

Commenting on this statute in Morearty v. City of McCook, 119 Neb. 202, 228 N. W. 367, we said: "Under such statutory provision the rule appears to be: 'If defendant relies on the nonperformance of the contract by the plaintiff, he must allege that fact in his answer. In pleading such nonperformance, the facts which constitute the breach must be alleged, and the breach assigned must conform to the terms of the contract.' " ·

We held in Peters v. Wilks, 151 Neb. 861, 39 N. W. 2d 793: "If a defendant relies upon the nonperformance of a contract by plaintiff, he must allege that fact in his answer, and in pleading nonperformance, the facts which constitute the breach must be alleged."

This is the well-settled law in Nebraska. If the issue had properly been called to the attention of the trial court, this rule would govern. This, however, was not done, and the case was tried on the theory that the issue was properly raised. Actually, the plaintiff in his case-in-chief went into detail as to his manner of performance. In this state of the record, we must hold the parties to the theory on which the case was tried.

In Johnson v. Weskamp, 122 Neb. 381, 240 N. W. 514, we said: "In Hensley v. Chicago, St. P., M. & O. R. Co., 118 Neb. 690, it was held: 'The general rule that the allegations of the pleadings and proof thereunder must agree will not be applied to reverse a judgment, where an issue is tried by both parties without objection from either that such issue is not sufficiently pleaded. Under such conditions, the appellate court will consider the pleadings as sufficient to raise the particular issue.' Holdings to like effect by this court have been made in Auld v. Walker, 107 Neb. 676; Sjogren v. Clark, 106 Neb. 600; and Boyd v. Lincoln & N. W. R. Co., 89 Neb. 840." We again say that where an issue is treated by the parties at the trial as though it were controverted, even though not sufficiently pleaded, it will be so considered in this court.

On the question of damages, if the plaintiff has fully

performed his contract he is entitled to the contract price. If the plaintiff has substantially performed his contract he is entitled to the contract price, less any damage proved by the defendant to be occasioned by less than complete performance. This is the rule given in Nebraska Plumbing Supply Co. v. Payne, *supra.* Thus far, instruction No. 7 covers the issues.

The defendant, however, tried this case on the theory that he received little or no benefit from the application of the anhydrous ammonia. The court should have included an instruction on the defendant's theory substantially to the effect that if the jury found that the anhydrous ammonia was so negligently applied that it was of little or no benefit to the defendant, then the plaintiff had not performed his contract and could only recover for the benefit, if any, which he could prove the defendant had received.

For the reasons given above, the judgment is reversed and the cause is remanded for a new trial. For the purpose of the third trial, we suggest that the question as to whether defendant contracted with the Gothenburg Co-Operative Oil Company or the plaintiff is no longer an issue.

REVERSED AND REMANDED.

WENKE, J., not participating.