CHARLES C. BONNEY, Plaintiff in Error, *v.* MICHAEL SMITH, Defendant in Error.

### ERROR TO PEORIA.

A quit-claim deed is a sufficient consideration for a promissory note.
The appointment of one party to act for another, where it is coupled with an interest, is irrevocable. The interest, coupled with the power, must be in the thing itself, upon which the power is to operate, or the power must be created upon a valuable consideration.
Where the person empowered to act for another has only an interest arising out of its execution, as in the proceeds as for compensation, the power is revocable. But if the power is expressed to be irrevocable, and the attorney has an interest in its execution, it will remain irrevocable.

THIS was an action in assumpsit by plaintiff in error against defendant in error, on a promissory note payable by him to said plaintiff.

Defendant in error filed four pleas to said declaration, to wit:

First plea, *want of consideration;* that the only consideration was a certain deed for part of lot in Peoria from the county of Peoria, by the plaintiff in error, her commissioner and attorney in fact, appointed June 23rd, 1855, by the board of supervisors of Peoria county, grantor, to the defendant in error, grantee,

dated November 1st, 1855. Deed recites power, and is set out in plea. By such power said commissioner is authorized, first, to enquire into the title of Peoria county to any land in the city of Peoria, and to " grant, bargain, sell, convey and confirm, or otherwise lawfully dispose of" such land and title, for such price, and to such persons as he shall think expedient, &c. ; second, said commissioner shall make such enquiry at his own risk and expense, shall make sale, &c., and of proceeds thereof shall pay one-half to county treasurer, and " shall have, receive, keep, and appropriate to his own use the other half in full for his services and expenses in this behalf; third, said commissioner is authorized to compromise conflicting titles, &c.

Second plea, *want of consideration;* that the only consideration was the deed aforesaid ; and that before the making thereof, to wit, on the 15th day of September, 1855, the board of supervisors, by their resolution of that date, revoked the authority of said commissioner.

Third plea, *want of consideration;* that Peoria county was owner of the land deeded ; that said commissioner pretended that he had power to sell and convey the same ; that note was given for consideration of said deed, and that such deed was the only consideration of such note ; and averment that the said appointment gave said commissioner no power to sell or convey said land.

Fourth plea, *want of consideration;* that after the said appointment of said commissioner, the said board of supervisors appointed a committee to determine the price at which such lands should be offered for sale, and declared that no such land should be sold till such committee had fixed such price ; averment that such committee never fixed such price, &c.

There was a demurrer to pleas of defendant and each of them. Demurrer overruled and judgment for defendant.

This cause was heard at March term, 1856, of the Peoria Circuit Court.

C. C. BONNEY, in person.

G. F. HARDING, for Defendant in Error.

SKINNER, J.   This was an action of assumpsit on a promissory note executed by the defendant to the plaintiff. The defendant pleaded in bar four special pleas, to each of which the plaintiff demurred. The court sustained the demurrer and the defendant had judgment. The first plea alleges that the sole consideration of the note was a deed for a lot in Peoria, as the property of Peoria county ; sets forth the deed, which is an ordinary deed

of *quit-claim*, executed by plaintiff as agent and commissioner of the county of Peoria, and an order of the board of supervisors of Peoria county, appointing the plaintiff commissioner to sell and convey, at discretion, all interest of the county in the lot described in the deed, and allowing to plaintiff the one-half of the proceeds of sales, as compensation for transacting the business. This plea is no defence to the action. The deed of *quit-claim* was sufficient consideration for the note, and the authority of the plaintiff to execute it is apparent from the plea. The board of supervisors, as successors of the County Commissioners' Court, had power to appoint the plaintiff commissioner, and through him convey the interest of the county in the lot.

The second plea substantially alleges a revocation of the authority and appointment of the plaintiff, by an order for that purpose, made by the appointing power, and entered of record in the County Court, prior to the sale and conveyance by the plaintiff. No question was made upon the argument as to the sufficiency of the act of revocation to effect the purpose designed, and to avoid, for all purposes, the power conferred, if the power was such as could be revoked by the act of the body from which it emanated. If the appointment constituted a power, *coupled with an interest*, it was irrevocable, and the act of revocation would have no effect upon the authority conferred.

A power, *coupled with an interest*, must create an interest in the thing itself upon which the power is to operate; the power and estate must be united, or be coëxistent, and this class of powers survive the principal and may be executed *in the name* of the attorney. *Hunt* v. *Rousmaniere*, 8 Wheaton, 174; Story on Agency, 483; Comyn's Digest, title "Attorney" C. 9 and 10, Vol. I, 774; 2 Kent's Com. 644, 646.

Another class of powers is where they are created upon a valuable consideration, and to operate as a transfer, mortgage or security to another, although the power can only be executed *in the name* of the principal. *Reynolds* v. *Squire*, 11 John. 47; *Walsh* v. *Whitcomb*, Esp. R. 565; *Spence* v. *Wilson*, 4 Munf. 130; *DeForrest* v. *Bates*, 1 Edwards' Chy. R. 394; Story on Agency, 477.

These are irrevocable by the act of the principal, for they are founded upon sufficient consideration, and created to subserve purposes in which another has an interest. Another class is where the attorney has an interest only arising out of the execution of the power, as in the proceeds, as a compensation for the business of its execution. 8 Wheaton, 174; 2 Kent's Com. 644. This power is of the latter class, and revocable by the principal, although the principal might perhaps be liable to the agent or attorney for any damages sustained. It is a naked

power, with an interest *in the proceeds*, based only upon its execution, which execution is dependent upon the continuing will of the principal. Mr. Story lays down this rule : that where the power is expressly declared to be irrevocable, and the attorney has an interest in its execution, and both of these circumstances concur, the power is irrevocable by the principal. Story on Agency, 476. Here there is no stipulation against the exercise of the right of revocation, and upon general principles the right remains. The third plea is substantially like the first, and in another form questions the sufficiency of the authority of the plaintiff to make the sale and deed. The fourth plea alleges that the board of supervisors, after the appointment of the plaintiff, appointed a committee of their number to consult with the plaintiff and fix upon the price at which the property of the county should be sold by the plaintiff, and resolved that no lot should be sold until the price should be fixed by the committee and the plaintiff ; and that no price has been so fixed. For aught that appears from the plea, this resolution may have been adopted *after* the execution of the conveyance ; but at most, it is but a regulation between the parties to the power, in no way affecting the authority of the plaintiff under the power, so far as third persons, not cognizant of it, are concerned, and does not attempt to revoke the power conferred on the plaintiff to convey.

The demurrer should have been sustained to the first, third and fourth pleas, but the defendant was entitled to judgment on the demurrer to the second plea ; that plea being, if true, a bar to the plaintiff's action.

*Judgment affirmed.*