Big Four Wilmington Coal Company v. Wilson Wren.

Gen. No. 4,323.

1. AGENCY COUPLED WITH INTEREST—*when, exists.* Where a landlord had an interest in certain crops and authorized his tenant to sell the entire crop, to collect the proceeds and apply his portion thereof in satisfaction of an obligation due from him to such tenant, an agency coupled with an interest is created.

2. AGENCY COUPLED WITH INTEREST—*right to revoke.* An agency coupled with an interest cannot be revoked at the will of the principal.

Action of assumpsit. Error to the County Court of Grundy County; the Hon. GEORGE W. HUSTON, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

D. R. ANDERSON, for plaintiff in error.

J. W. RAUSCH and WILLIAM HENION, for defendant in error.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Defendant in error, as tenant of Gabriel Longmuir, in 1902, raised a crop of corn on Longmuir's land, two-fifths of which, by the terms of the lease, was to be delivered in the crib for the landlord as rent for the use of the premises. About the time defendant in error had finished husking the corn, the landlord, with the consent of defendant in error, sold the whole crop to plaintiff in error. This sale was made about Christmas, 1902, and within a few days plaintiff in error hauled the corn away. A controversy arose as to whether plaintiff in error should pay Longmuir for the whole of the corn, or pay defendant in error for three-fifths and Longmuir two-fifths, and on January 12, 1903, defendant in error served plaintiff in error with a demand that payment be made to him for his share. Plaintiff in error failing to pay as demanded, defendant in error brought suit. A trial was had by jury in the County Court, in which defendant in error recovered a verdict and judgment for $185.45, from which this writ of error is prosecuted. The only question presented for our consideration by this record is the ruling of the court in refusing to permit certain testimony offered by plaintiff in error.

It appears from the evidence that when defendant in error first spoke to plaintiff in error about paying for the corn, plaintiff in error declined to pay him because it claimed it did not know him in the transaction; the corn having been bought from Longmuir, the owner of the land. Upon in-

quiry, it was ascertained by plaintiff in error that the corn was raised on Longmuir's land by defendant in error and that each of them had an interest in it, and it seems that at Longmuir's request, plaintiff in error refused to pay defendant in error anything but a balance of some thirty or forty dollars remaining after deducting what Longmuir claimed should be paid to him out of the share of defendant in error, which was in the neighborhood of $190. Plaintiff in error paid Longmuir all the purchase price of the corn except about $40, and offered to prove on the trial that after the lease was made from Longmuir to defendant in error, Wren, and before the crop of corn was planted, Wren purchased a span of mules and some harness, for which he gave his notes, and that Longmuir signed the notes as security; that at the time a verbal agreement between him and Wren was entered into by which Wren gave Longmuir a claim or lien on all crops he should raise on the farm during the term of the lease, and also on all his stock, to indemnify and secure him against loss by reason of his having signed the notes as security; that in pursuance of such agreement Wren authorized Longmuir to sell the corn, collect the proceeds of the sale and pay off the notes upon which he was surety, and turn the balance, if any, over to Mrs. Wren. The court refused to admit this testimony. Longmuir testified that just after he sold the corn to plaintiff in error, he asked Wren if he wanted his name turned in to the company for his share of the money, and that Wren said no, and told him as he held all his crop to secure him on the notes, he, Wren, could not have sold it without his consent, and that he should collect the money, and out of the proceeds of the sale pay the notes off and give them to Wren's wife. Plaintiff in error produced and offered the notes in evidence and offered to prove by Longmuir that they were the notes the conversation mentioned related to, and their payment by him in pursuance of these agreements. These offers also were denied by the court. We think the rulings of the court with respect to this testimony were erroneous. While, if, as contended by coun-

sel, no lien could be created by the alleged verbal agreement as to crops not yet planted, yet, taken in connection with what Longmuir testified was said and done between him and Wren after the corn was sold, we are unable to see why it was not competent.

It is claimed by defendant in error that Longmuir not being a party to the suit, what he did or what agreements may have existed between him and defendant in error could not constitute a defense for plaintiff in error, and that even if Longmuir had been authorized to collect the money for the corn and apply it to the payment of the notes, his authority to do so was revoked when defendant in error notified plaintiff in error, while it still held the money, to pay him his share of the proceeds. If it were true that Wren agreed Longmuir should have a lien on his personal property and crop not planted if he would sign his notes as security, and after the crop of corn had been raised and harvested, authorized him to sell it and collect the proceeds and pay the notes, and in pursuance of such an agreement Longmuir did sell the corn, the appointment thus made of Longmuir to act for defendant in error, and the authority thus conferred upon him, were coupled with an interest and therefore not revocable. Bonney v. Smith, 17 Ill. 531; Mechem on Agency, sec. 206; Ewell's Evans on Agency, 86.

The court should have admitted the offered testimony, and if controverted, have submitted the question of its sufficiency to prove the point contended for to the jury. We are asked to affirm the judgment because the abstract does not set out the instructions given and refused. In the brief and argument of plaintiff in error, no question is raised on the rulings of the court in giving and refusing instructions. The only ground upon which a reversal is asked is the refusal of the court to permit the testimony before referred to. The assignment of errors covers the court's rulings in giving and refusing instructions but as the plaintiff in error is not claiming in this court that any error was committed in this respect, and having set out so

much of the record as shows the errors relied on, it was unnecessary that the instructions should be set out in the abstract.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*