Herman A. Pretzel et al., Defendants in Error, v. Christian Anderson, Plaintiff in Error.

## Gen. No. 15,581.

BROKERS AND FACTORS—*legal effect of exclusive agency.* An exclusive agency to sell property subject to revocation by ninety days' notice, may be revoked at any time unless a consideration for the granting of the agency is established. Services, however, definitely proven to have been rendered, may under certain circumstances be recovered for upon a *quantum meruit*, but a recovery of the specific compensation provided for if the purchaser is obtained after revocation will not be sustained.

Error to the Municipal Court of Chicago; the Hon. W. N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed June 29, 1911.

ERNEST W. CLARK, for plaintiff in error.

TATGE & KOEPKE and ROBERT F. KOLB, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

There is no merit in the objection made in this cause that for various reasons the statement by the Municipal Court which is denominated in the transcript of the record a bill of exceptions should not be considered.  The objections are highly technical and, under the letter and spirit of the Municipal Court Act, untenable.  The decision in this court, as in the court below, must turn on the merits of the cause.  The question is whether the finding and judgment of the court were sustained by the law and the evidence.

The defendant below (the plaintiff in error here) executed and delivered on its date the following instrument to the plaintiffs:

"Chicago, Sept. 23/08.

Messrs. H. A. Pretzel & Co.,
             Chicago, Ill.

Gentlemen:  I the undersigned hereby give you the exclusive Agency and purchase privilege for the sale of my property No. 535 N. Monticello Ave., in the City of Chicago, in the County of Cook in the State of Illinois, until terminated by me by giving ninety days notice, at the price of Five Thousand ($5000) Dollars net of commission.  No commission to be paid on the above price.

Chris. Anderson."

Acting under and by virtue of the authority or contract or option (whichever it may be called), the plaintiffs, who were licensed real estate brokers in the city of Chicago, from time to time offered said premises for sale to various prospective purchasers.

On December 29, 1908, the plaintiffs received the following notice dated Chicago, December 22, 1908:

"H. A. Pretzel & Co.,
            Chicago;
   Gentlemen: Your are hereby notified that your agency for the sale and purchase privilege of my property known as Number 535 North Monticello Avenue in the City of Chicago, County of Cook and State of Illinois, is hereby terminated.

                       Christian Anderson."

Almost immediately thereafter, on the 31st day of December, 1908, the plaintiffs secured a purchaser for the property, who signed a written contract to take the same for $5,200. This contract provided for the delivery to the purchaser of an abstract of title for examination within a reasonable time.

The defendant testified in the case that at the time of the delivery of the first communication above quoted it was his understanding that any agency which was granted to the plaintiffs should be only for a term of sixty days, and that at or about November 1, 1908, he wrote a letter to the plaintiffs (which, however, the plaintiffs denied receiving), stating that he had made certain improvements on his property and would not sell at the price specified in the instrument.

He also testified that in company with another real estate broker, Mr. Moland, he called on December 29, 1908, at the office of the plaintiffs and notified them that he had entered into a contract for the sale of his property to another party.

However, on the defendant receiving notice from the plaintiffs that they had a purchaser for the property at the price of $5,200, and on a request from the attorney of said purchaser, the defendant, through the said Moland, offered to deliver the abstract of title of said property for examination if the plaintiffs would sign a receipt therefor and deposit $100 as security. The plaintiffs would not agree to this, and thereupon the defendant offered to leave the abstract with the Chicago Title & Trust Company for examination by the purchaser

there. This offer was not accepted, but the purchaser withdrew from the proposed purchase.

Thereupon the plaintiffs brought this suit, and by the consideration of the Municipal Court secured a judgment of $200, which this writ of error is brought to reverse.

The only contention made by the plaintiff in error which needs notice, is that the original instrument of September 23, 1908, and the "exclusive agency and purchase privilege" it purports to give, being without consideration, could be terminated at any time, and that notice of revocation, notwithstanding the terms of the said instrument, need not be given ninety days before it took effect.

The contract is not under seal, and was not paid for when given. It is unilateral, it is maintained, and without consideration— a *nudum pactum,* liable to be revoked at will— despite its own assertion of inviolability except on certain notice.

On the other hand it is contended that we cannot consider the contract of "exclusive agency and purchase privilege" of September 23rd between the plaintiffs and defendant as without consideration from the moment that anything was done under it by the plaintiffs. They were, in one view or phase of this paper, employed by the defendant to sell his land for anything they could get that would net him $5,000.

The court found that after such employment they, from time to time, offered said premises for sale to prospective customers. In other words, in the exercise of the business as real estate agents, they spent some time and energy at least in the transaction of this business they were employed to do. This conforms to the probabilities in the case of such a contract. In acting under it, it is contended, the plaintiffs must be considered to have given consideration for it. We do not think, however, this is a consideration which makes the agency irrevocable either generally or for any time specified therein. Had there been definitely proven a certain amount of money or energy expended in the attempt to sell before the notice of revocation was brought to the plaintiff's attention, they might have recovered on a *quantum meruit,* but they

cannot use such indefinite proof to justify a judgment for compensation at an agreed figure for services performed after the revocation had been notified to them in negotiating a sale which would not be enforceable by the purchaser. Blackstone v. Buttermore, 53 Pa. St. 266.

Nor was there a ratification of the proposed sale by the defendant. He attached conditions to ratifying or performing the sale contract which were not accepted. As the original authority of the agent had been ended when the contract was made, he had a right to do this.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*