## Albert Goetz, Appellant, v. Wojciech Ochala, Appellee.

### Gen. No. 17,427.

1. AGENCY—*not irrevocable because exclusive.* An exclusive agency to sell certain land is not irrevocable because exclusive.

2. AGENCY—*when not coupled with an interest.* An agency is not coupled with an interest where the agent is given the exclusive right to sell certain property to a railroad company, which is sought by such company in condemnation proceedings, and the principal agrees to pay as commission the price secured above a certain sum.

Appeal from the Superior Court of Cook County; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913.

PETER SISSMAN, for appellant.

LEON HORNSTEIN, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The appellant brought a suit in *assumpsit* against the appellee to recover a commission of $220. The declaration contained three common counts and a special count declaring on the following writing:

"In consideration of Albert Goetz accepting the agency for the following described real estate, to-wit: The south half (S. ½) of lot nine (9), block ten (10), Wight's Addition, in section five (5), township thirty-nine (39) north, range fourteen (14), east of the third principal meridian, in Cook County, Illinois, and known as No. 10 Lessing street, Chicago, I hereby give him the exclusive right to sell said property from this date until the 1st day of January, 1909, and agree to pay him as commission whatever sum he may get therefor over and above the sum of $9,000, and in case this property is sold by any one else during the period herein named, I agree to pay the said Albert Goetz the regular commission as prescribed by the Chicago Real Estate Board.

Dated at Chicago, November, 1907.

W. OCHALA, Owner."

On the trial the court instructed the jury at the close of the plaintiff's case to find the issues for the defendant and on the verdict so returned entered judgment of *nil capiat* and the plaintiff appealed.

At the time of entering into the said writing the C. & N. W. R. R. Co. had begun proceedings to condemn the premises described therein, and the defendant had been served in the said suit. The plaintiff, an attorney, entered his appearance in the said condemnation suit in defendant's behalf and began negotiations to sell said premises to the said Railroad Company for $10,000, but was unable to secure said price. The defendant in 1908 sold and conveyed the said premises for $8,000 to Mr. Baird, representing the said Railroad Company, and through whom it was conveyed to said Company. The plaintiff thereupon claimed a commission of $220. and not receiving same brought suit therefor.

There was no evidence tending to prove the value of the services rendered on a *quantum meruit* and no recovery sought thereon. The plaintiff in his brief says: "The only services that plaintiff was expected to render was the obtaining of a certain price for the defendant and not the finding of the purchaser. Nor can it be said that it is within the power of the principal to revoke an agency in a case like the one at bar. An agency when coupled with an interest is not revocable at pleasure of the principal."

There was nothing paid to the defendant as a consideration for the said agency; and it is not claimed that the plaintiff rendered the services undertaken, that is, securing from the C. & N. W. R. R. Co. a sum exceeding $9,000 for the said premises. The contention is that the agency was coupled with an interest and therefore irrevocable. It is not irrevocable because of its being an exclusive agency. *Pretzel v. Anderson,* 162 Ill. App. 538; *Waterman v. Boltinghouse,* 82 Cal. 650; Mechem on Agency, sec. 204. It is true that if the appointment constituted a power coupled with an interest it was irrevocable. Was it coupled with an interest? We think not. In Mechem on Agency the author, in discussing what constitutes an interest, in section 205 says: "It must be an interest or estate in the thing itself or in the property which is the subject of the power;" and in section 207: "But a mere interest in the results or proceeds of the execution of the authority, as by way of compensation, is not enough. Thus where one is given authority to sell the lands or other property of another, and is to have a certain commission or share out of the proceeds for making the sale, the authority may be revoked at the will of the principal, even though in terms it was declared to be exclusive or irrevocable."

See also *Bonney v. Smith,* 17 Ill. 531; *Gilbert v. Holmes,* 64 Ill. 548, and *Walker v. Denison,* 86 Ill. 142.

The judgment is affirmed.

*Affirmed.*