In the Matter of the Estate of Timothy Carlton, Deceased.
L. O. Thieme, Appellant, v. Andrew Westerberg, Administrator, Appellee.

### Gen. No. 25,871.

1. PRINCIPAL AND AGENT—*when power not coupled with an interest.* A power of attorney, given by a sole heir at law residing in a foreign country, of an estate already in the hands of an administrator, is not coupled with an interest so as to be irrevocable although it assigned and transferred to the attorney "all the subject-matter of this power of attorney," viz., all property real and personal to which the heir "may be entitled out of the estate" of the deceased, since the legal title to such property was already in the administrator, and the heir did not then have any legal title of the "subject-matter" to assign, and in other paragraphs gave such attorney an interest in the proceeds only as compensation for services to be rendered.

2. EXECUTORS AND ADMINISTRATORS—*when objection to final account properly overruled.* Objections to an administrator's final account are properly overruled where he presents a receipt from the sole heir at law for the proceeds of the estate and a consent from such heir to the approval of the final account and the discharge of the administrator, although one holding a power of attorney to receive the estate for the heir, which power had been revoked, objected on the ground that the power was coupled with an interest and the estate should have been turned over to him.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed April 12, 1921.

NEWMAN, POPPENHUSEN, STERN & JOHNSTON, for appellant; LAWRENCE A. COHEN and HENRY J. BRANDT, of counsel.

ANDERSON & ANDERSON, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

By this appeal it is sought to reverse a judgment

of the circuit court of Cook county rendered December 3, 1919, against L. O. Thieme for costs, and wherein, on appeal from the probate court of said county, an order of the probate court, entered April 11, 1919, approving the final account of Andrew Westerberg, administrator of said estate, and overruling the objections of said L. O. Thieme thereto, was confirmed.

On February 14, 1917, Timothy Carlton of Chicago, Illinois, died intestate, and shortly thereafter letters of administration were issued by said probate court to Andrew Westerberg, and he qualified as administrator of said Carlton's estate. Ida Westerberg, a sister of the decedent and residing in Sweden, was the sole heir at law. On April 27, 1917, she duly executed and afterwards caused to be delivered a power of attorney to said L. O. Thieme, of Chicago, as follows:

"Know all men by these presents: That I, Ida Maria Westerberg, born Adamson, being of lawful age, do hereby make, constitute and appoint L. O. Thieme, of Chicago, Illinois, to be my true and lawful attorney in fact with full power and authority to collect, receipt for, and sue for my distributive share, legacy or claims of any kind, nature or description, which I may have against or may now or at any future date be entitled to from the estate of Timothy Carlton, deceased, and to take possession of any personal property disbursed in kind by the personal representative of said estate; also to collect any policies of insurance, or death benefits in which I may be named as beneficiary; to take charge of and manage any real estate in which I may have an interest, to collect rents, pay taxes and to institute and conduct any proceedings for the partition or sale of any such real estate, and to institute, conduct or defend all suits at law or in equity which may concern the subject-matter of this instrument, to retain and discharge counsel, to execute refunding bonds, statutory bonds, or bonds of any kind, nature or description, to enter my appearance and waive notice in the

matter of any final accounting, to endorse checks and other papers of whatsoever kind, to compromise claims, to execute releases and to execute 'all other suitable instruments in writing, to carry into effect the various powers herein granted, and to do and perform all other acts as fully and effectually as I might do or perform if personally present, with full power to appoint and discharge substitutes, hereby revoking all powers of attorney heretofore executed by me.

"And for and in consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, and in further consideration of services rendered and to be rendered and moneys to be advanced for court costs and other necessary expenses in this behalf by my said attorney in fact, I do hereby assign, transfer and set over unto my said attorney in fact all of the subject-matter of this power of attorney, that is to say, of all property, real or personal, to which I may be entitled out of the estate of Timothy Carlton, deceased, or which arises out of the death of said deceased in any manner whatsoever, it being my intention that this power of attorney shall be construed as a power of attorney, coupled with an interest in the subject-matter thereof.

"After deducting the interest herein assigned, and his expenses and outlays in and about performing his duties, said attorney in fact shall remit the balance of the funds on hand to me through his corresponding bank.

"In witness whereof I have hereunto set my hand and seal this 27th day of April, A. D. 1917.

"Witnessed in the presence of:

"(Sgd.) Ida Maria Westerberg　(Seal)

"(Sgd.)　John Theodore Norsby,
　　　　　　　Pastor.

"(Sgd.)　Wiktor Svenson.
　　　　　Acknowledgment
　　　　　and

"American Consular's Certificate."

On June 16, 1917, said Ida Westerberg duly executed and afterwards caused to be delivered another

power of attorney to her son, Andrew Westerberg, who was then acting as said administrator, as follows:

"Know all men by these presents: that I, Ida Westerberg, of Oland, in the Kingdom of Sweden, have made, constituted and appointed and by these presents do make and constitute and appoint my son, Andrew Westerberg, true and lawful attorney for me and in my name, place, and stead, to ask, demand and receive any and all property, moneys, funds and estate and distributive share or shares due, coming, belonging or to be paid to me as the sister and lawful heir of Timothy Carlton, who died on or about the 14th day of February, A. D. 1917, at Chicago, State of Illinois, U. S. A.

"Giving and granting my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present at the doing thereof, with full power of substitution and revocation, hereby ratifying and confirming all that my said Attorney or his substitute may or shall lawfully do or cause to be done by virtue thereof.

"In testimony whereof, I have hereunto set my hand this 16th day of June, A. D. 1917.

"Ida Westerberg.

"This is to certify, that Ida Westerberg personally appeared before me this 16th day of June 1917 and set her name to the instrument above.

"John Theodore Norsby.
v. Pastor.

"(Pastors Ambeten, Kalmar Lan)

"On this 16th day of June 1917, Ida Westerberg appeared before me declaring the above instrument to be an act of her free will.

"Gustav E. Erikson
v. Consul.

"(British Vice Consulate, Bergholm)."

The testimony of L. O. Thieme discloses that he was in the business of foreign banking and collections

in the City of Chicago; that he did not know Ida Westerberg, and first heard of her when he received a letter from an attorney named Lindey, of Stockholm, Sweden, inclosing the power of attorney to him (Thieme); that before he received said power of attorney he had not rendered any services to said Ida Westerberg, and did not thereafter have any correspondence with her, although he had some subsequent correspondence with said Lindey; that upon receiving said power of attorney he caused an attorney at law to enter an appearance in the probate court so that he (Thieme) might receive notice of all motions and proceedings; that thereafter he caused a correction in the table of heirship on file to be made; and that thereafter he caused a petition to be filed asking that the administrator, Andrew Westerberg, be removed and the public administrator appointed, which petition was dismissed by the court.

The record further discloses that on April 8, 1919, after notice to the attorney for Thieme, the probate court approved the final account of the administrator, showing a balance of $9,993.94, in cash, due to said Ida Westerberg, as the sole heir at law of said decedent, and the court further ordered that the administrator be discharged upon presenting to the court the receipt of said Ida Westerberg, distributee, within 60 days. On April 11, 1919, Thieme filed a petition in the probate court objecting to the final account and to the payment of said sum to Ida Westerberg and praying that said payment be disapproved and a new account ordered. In said petition he alleged, in substance, that said sum should have been ordered paid to him "as the duly authorized attorney in fact of said Ida Maria Westerberg," by virtue of said power of attorney of April 27, 1917, "which said instrument constituted this petitioner the irrevocable attorney in fact for the said Ida Westerberg." On the same day the court ordered that said objec-

tions be overruled, and Thieme prayed and perfected an appeal to the circuit court. On the hearing *de novo* in the circuit court it further appeared that Ida Westerberg had received, as sole distributee, said sum of money, as evidenced by the signed receipt, in which she also consented to the approval of the final account of the administrator and to his discharge as administrator.

Counsel for the appellant, Thieme, here contend that the circuit court erred in confirming the order of the probate court whereby the objections to the administrator's final account were overruled. The argument is, in substance, that the probate court should have directed the administrator to pay said sum of money over to Thieme, and for the reasons that by the power of attorney of April 27, 1917, given by Ida Westerberg, she had expressly transferred to Thieme all her interest in the estate of Timothy Carlton, deceased, which interest was the subject-matter of the power, and that, therefore, it was a power coupled with an interest and was irrevocable, even by her death. Counsel for appellee, on the contrary, contend, in substance, that the only interest which Thieme had in the subject-matter, by virtue of said power of attorney, was his right to be reimbursed for his proper disbursements and to the receipt of a proper commission on the money collected by him; that this was not an interest in the estate itself but was only an interest in the proceeds arising out of the execution of the power and, hence, said power was revocable, and was revoked by Ida Westerberg by her giving the subsequent power of attorney to her son, Andrew Westerberg, on June 16, 1917; and, further, that it appears that it was for the best interest of the sole distributee that the money should be transmitted direct to her.

In the case of *Lewis v. Lyons*, 13 Ill. 117, 122, and *People v. Brooks*, 123 Ill. 246, 249, it is held that an ad-

ministrator has the legal title to the personal estate of the intestate, as a trustee, for the payment of debts, but when the debts are paid the residue belongs to the heir at law.

In the case of *Bonney v. Smith*, 17 Ill. 531, the action was in assumpsit on a promissory note given by Smith to Bonney. The defendant Smith filed four separate pleas of want of consideration. It appeared that the Board of Supervisors of the County of Peoria in June, 1855, had appointed Bonney a commissioner and attorney in fact to sell certain lands belonging to the county, and he was empowered to convey said lands by deeds in his own name, as such commissioner, to such persons as he should think expedient, and out of the proceeds received he should pay one-half to the county treasurer and keep and appropriate to his own use the other half in full for his services and expenses. By quitclaim deed, dated November 1, 1855, in which his power and authority were recited, he conveyed a lot in Peoria to Smith which conveyance was the sole consideration for the promissory note sued upon. The second plea set up these facts and further alleged that, before Bonney had executed said deed, the board of supervisors of said county, on September 15, 1855, by resolution of that date, had revoked Bonney's authority as such commissioner and attorney in fact. To this plea Bonney demurred, but the trial court overruled the demurrer and judgment was entered for the defendant, Smith. In affirming said judgment, and holding that said plea, if true, was a bar to Bonney's action, our Supreme Court said (p. 533):

"The second plea substantially alleges a revocation of the authority and appointment of the plaintiff, by an order for that purpose, made by the appointing power, and entered of record in the county court, prior to the sale and conveyance by the plaintiff. * * * If the appointment constituted a power, *coupled with an interest,* it was irrevocable, and the act

of revocation would have no effect upon the authority conferred.

"A power, *coupled with an interest,* must create an interest in the thing itself upon which the power is to operate; the power and the estate must be united, or be coexistent, and this class of powers survive the principal and may be executed *in the name* of the attorney. *Hunt v. Rousmanier's Adm'rs,* 8 Wheat. [U. S.] 174; * * * 2 Kent's Com. 644, 646.

"Another class of powers is where they are created upon a valuable consideration, and to operate as a transfer, mortgage or security to another, although the power can only be executed *in the name* of the principal. *Reynolds v. Squire,* 11 John. [N. Y.] 47; * * * Story on Agency 477. These are irrevocable by the act of the principal, for they are founded upon sufficient consideration, and created to subserve purposes in which another has an interest.

"Another class is where the attorney has an interest only arising out of the execution of the power, as in the proceeds, as a compensation for the business of its execution. 8 Wheat. [U. S.] 174; 2 Kent's Com. 644.

"This power is of the latter class, and revocable by the principal, although the principal might perhaps be liable to the agent or attorney for any damages sustained. It is a naked power, with an interest *in the proceeds,* based only upon its execution, which execution is dependent upon the continuing will of the principal. Mr. Story lays down this rule: that where the power is expressly declared to be irrevocable, and the attorney has an interest in its execution, and both of these circumstances concur, the power is irrevocable by the principal. Story on Agency 476. Here there is no stipulation against the exercise of the right of revocation, and upon general principles the right remains."

The principles announced in the *Bonney* case have been followed in subsequent cases decided by our Supreme Court, and the Appellate Courts. *Gilbert v.*

*Holmes,* 64 Ill. 548, 559; *Walker v. Denison,* 86 Ill. 142; *Nevitt v. Woodburn,* 82 Ill. App. 649, 654; *Goetz v. Ochala,* 180 Ill. App. 458, 460; *W. B. Martin & Son v. Lamkin,* 188 Ill. App. 431, 434.

Examining the power of attorney of April 27, 1917, given to Thieme, we fail to find that the power conferred is declared to be irrevocable. The instrument is written in three paragraphs. From the language used in the first and third paragraphs we think it clear that, by the power therein conferred upon Thieme as attorney in fact of Ida Westerberg, he had "an interest only arising out of the execution of the power, as in the proceeds, as a compensation for the business of its execution." In the second paragraph of the instrument it is stated, in substance, that, in consideration of services rendered and *to be* rendered and moneys *to be* advanced, etc., Ida Westerberg assigns and transfers to Thieme "all of the subject-matter of this power of attorney," viz.: all property, real or personal, to which she *"may be* entitled out of the estate of Timothy Carlton, deceased, or which arises out of the death of said deceased in any manner whatsoever." This language also suggests that Thieme had an interest only in the proceeds arising out of the execution of the power, as a compensation for his services *to be* rendered and moneys *to be* advanced. The evidence discloses that when the instrument was executed Thieme had rendered no services whatever. Furthermore, the evidence discloses that at that time Andrew Westerberg was acting as the administrator of the estate of the decedent, and, under the law, the legal title to the decedent's personal estate (the "subject-matter" of the power of attorney) was in his hands, as a trustee. Ida Westerberg did not then have the legal title of the "subject-matter" to assign and transfer to Thieme, and the instrument did not create in Thieme "an interest in the thing itself upon which the power was to operate." Our

construction of the entire instrument is that it did not confer upon Thieme a power which was coupled with such an interest as would prevent that power being subsequently revoked by Ida Westerberg.

Furthermore, under the facts disclosed, we think that the probate court was fully warranted in overruling Thieme's objections to the administrator's final account and ordering the discharge of the administrator upon his presenting the receipt of Ida Westerberg, the distributee, for the sum mentioned. In *Cotterell v. Coen,* 246 Ill. 410, 413, it is said:

"The purpose and object of requiring administration to be had upon the estates of persons dying intestate is to provide for and insure, first, the conservation of all the personal assets of the estate, including the collection of all debts due the decedent; second, the payment of all the debts of the decedent; and third, the proper distribution of the residue among the heirs at law, according to the Statute of Descent."

Our conclusion is that the judgment of the circuit court of Cook county should be affirmed.

*Affirmed.*

BARNES, P. J., and MATCHETT, J., concur.